This was a suit originally brought in the District Court of Dumfries, by the appellants against the appellees, on an executor’s bond. The declaration was on the penalty, without noticing the condition: the defendants, after taking oyer, pleaded ‘‘conditions performed to which the plaintiffs replied, and assigned for breach of the condition, that the surviving partners of Dunlop and Son and Co. had recovered a judgment in a prior suit, against Rawleigh Chinn, executor of Charles Chinn, deceased, for a sum therein mentioned, which was still unpaid; a copy of the proceedings in that suit, which shewed that it abated against the other executors, also a copy of the judgment against R. Chinn, with the execution and sheriff’s return thereon, that he had “removed to Kentucky,” were referred to as part of the replication; which further alleged that R. Chinn had more goods and chattels of the decedent tiian were sufficient to satisfy the said judgment, and that he had wasted them, &c. whereby the surviving partners of Dunlop and Son and Co. had lost the effect of their judgment.
To this replication the defendants demurred; and assigned as causes — 1st. That it was not charged, that all the executors of Charles Chinn, had wasted, &c. — 2d. That it did not appear that a suit was ever brought against Rawleigh Chinn to subject him to the payment of the debt, in consequence of the devastavit alleged against him — and 3d. That the replication was in other respects erroneous.
The District Court, on argument, sustained the demurrer; from which judgment
an appeal was taken to this Court. *The Attorney-General, for the appellants.
Botts, for the appellees.
It is deemed unnecessary to insert the points made b}r counsel in this cause, as the Court, (consisting of Dyons, Carrington and Tucker, Judges,) on Thursday the 16th of October, affirmed the judgment of the District Court, solely on the ground, that the judgment against the executor, as such, with the sheriff’s return upon the execution, that he had “removed to Kentucky,” did not warrant an action on the executor’s bond. They were therefore of opinion that the demurrer had been rightly sustained.